**The District Court of the 4th Judicial District.**
**County of Missoula.**

STATE OF MONTANA,
   Plaintiff,
vs.
JUSTIN STOVALL,
   Defendant.

CAUSE NO. DC-07-46
DECISION

On January 28, 2009, the defendant was sentenced for violation of the conditions of a deferred sentence as follows: Count I: A commitment to the Department of Corrections for a term of five (5) years for the offense of Criminal Possession of Dangerous Drugs (marijuana), a felony; Count II: A commitment to the Department of Corrections for a term of five (5) years suspended, to run consecutive to Count I, for the offense of Criminal Possession with Intent to Distribute, a felony; and Count III: A commitment to the Department of Corrections for a term of five (5) years suspended, to run consecutive to Counts I and II, for the offense of Use or Possession of Property Subject to Criminal Forfeiture, a felony. The Court recommends that the Defendant enter and successfully complete the Connections Corrections Program followed by pre-release.

On May 6, 2010, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Eric Olson. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 6th day of May, 2010.

DATED this 26th day of May, 2010.

Chairperson, Hon. Blair Jones, Member, Hon. Richard Simonton and Member, Hon. Ray Dayton.